**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CIJI R. BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:17-cv-672-WTL-DML** |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ENTRY ON JUDICIAL REVIEW

Plaintiff Ciji R. Bennett requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Bennett's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

## I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the decision of the Administrative Law Judge ("ALJ"), the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate

[1]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Bennett protectively filed for DIB and SSI on May 28, 2013, alleging that she became disabled on August 31, 2012. Bennett's application was denied initially and upon reconsideration. Thereafter, Bennett requested a hearing before an ALJ. A video hearing, during which Bennett was represented by counsel, was held by ALJ Roxanne Fuller on April 28, 2015. An impartial vocational expert ("VE") also appeared and testified at the hearing. The ALJ issued her decision denying Bennett's claim on August 28, 2015. After the Appeals Council denied her request for review, Bennett filed this timely appeal.

## III. THE ALJ'S DECISION

The ALJ determined that Bennett met the insured status requirements of the Social Security Act through December 31, 2015. The ALJ determined at step one that Bennett had not engaged in substantial gainful activity since August 31, 2012, her alleged onset date. At steps two and three, the ALJ concluded that Bennett had the severe impairments of "multiple sclerosis and depression (20 CFR 404.1520(c) and 416.920(c))," Record at 18, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Bennett had the following Residual Functional Capacity ("RFC"):

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: occasional climb ramps or stairs; never climb ladders, ropes, scaffolds; occasional balance, stoop, crouch, kneel, crawl; frequent handling, that is gross manipulation with both hands; frequent fingering, that is fine manipulation with both hands; occasional exposure to moving mechanical parts; occasional operating a motor vehicle;

> occasional exposure to unprotected heights; limited to occupations that do not require frequent verbal communication and frequent telephone communication; able to perform simple, routine, repetitive tasks.

R. at 20. Given this RFC, the ALJ determined that, although Bennett could not perform her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform. Accordingly, the ALJ concluded that Bennett was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in the parties' briefs and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

Bennett argues that the ALJ erred when determining her mental RFC. The Court agrees. The ALJ found that Bennett had moderate difficulties in concentration, persistence, and pace. The ALJ's RFC provides, in relevant part, that Bennett was "able to perform simple, routine, repetitive tasks." R. at 15. The ALJ used the same mental limitations in her hypothetical questions to the VE.

The ALJ's RFC assessment and the hypothetical questions posed to the vocational expert "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Among the mental limitations that must be considered are deficiencies in concentration, persistence, and pace. *Id.* The Seventh Circuit has repeatedly held that restricting a claimant who has limitations of concentration, persistence, and pace to "simple, routine tasks" "d[oes] not adequately account for the plaintiff's medical limitations, including an impairment in concentration." *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009). *See also Moreno v. Berryhill*, 882 F.3d 722, 730 (7th

Cir. 2018) "[W]e have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." (citing *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009)).

The ALJ's question did not account explicitly for Bennett's moderate limitations in concentration, persistence, and pace. Nor does the ALJ's RFC adequately account for Bennett's mental limitations, including an impairment in concentration. Accordingly, remand is required.

On remand, the ALJ also should consider whether to include a provision for Bennett's use of a walker in hypothetical questions to the VE and in the RFC. Further, with regard to the ALJ's discussion of Bennett's activities of daily living, the ALJ should heed the Seventh Circuit's admonition that the ability to perform minimal household chores, engage in periodic social activities, and care for young children does not by itself equate to residual functional capacity to work in the national economy. *See, e.g., Carradine v. Barnhart*, 360 F.3d 751 (7th Cir. 2004); *Gentle v. Barnhart*, 430 F.3d 865, 867-68 (7th Cir. 2005). These errors should be corrected on remand.

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 3/19/18**

William T Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.